UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SUSAN JANE MARINE,

        Plaintiff,

  v.

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

        Defendant.

Case No. 19-cv-1195-pp

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 3)**

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff's affidavit states that she is not employed, she is married, and she has no dependents she is responsible for supporting. Dkt. No. 3 at 1. The plaintiff and her spouse receive $3,166.35 per month in social security and pensions, id. at 2, and they have $3,046.64 in total monthly expenses ($570 rent, $240 car payments, $335

credit card payments, $1,250 other household expenses, $184.64 life insurance, $132 car and renters insurance, and $335 personal loan), id. at 2-3. The plaintiff owns a 2013 Dodge Caravan worth approximately $6,000, she does not own a home, she owns no other property of value, and she has approximately $100 cash on hand or in a checking/savings account. Id. at 3-4. After the couple's stated monthly bills and expenses, they have slightly more than $100 remaining to them for other expenses, so the plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that she was disabled during the time period included in this case, and that she was denied benefits by the Commissioner. Dkt. No. 1 at 2. The plaintiff alleges that the Administrative law Judge ignored functional limitations from a consultative exam and played doctor, that the plaintiff's husband's opinions were disregarded without proper

2

analysis, that the RFC assessment was not function by function, that required factors were not considered when giving the treating doctor's medical opinion little weight, and that the functional capacity exam was given little weight. Id. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 20th day of August, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**